[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 3, 2009
THOMAS K. KAHN
CLERK

No. 08-12129
Non-Argument Calendar

_____

D. C. Docket No. 07-22560-CV-DLG

MARCOS BENAVIDES,
and all others similarly situated,

Plaintiff-Appellant,

versus

MIAMI ATLANTA AIRFREIGHT, INC.,

Defendant-Appellee.

_____

No. 08-13528
Non-Argument Calendar

_____

D. C. Docket No. 08-20186-CR-JLK

CESAR CASTILLO,

Plaintiff-Appellant,

versus

MIAMI ATLANTA AIR FREIGHT, INC.,

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

**(April 3, 2009)**

Before EDMONDSON, Chief Judge, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Plaintiffs-Appellants challenge the district court's grant of summary judgment in favor of their employer, Miami Atlanta Airfreight, Inc. ("Airfreight"), dismissing Plaintiffs' claims under the Fair Labor Standards Act, 28 U.S.C. §§ 201-216 ("FLSA"). No reversible error has been shown; we affirm.

Plaintiffs seek liquidated damages for untimely payment of their wages under the FLSA. The crux of Plaintiffs' complaint is that Airfreight's policy of paying its employees seven to eight days after the pay-period ended -- without justification for the delay -- violates the FLSA.

Section 206(b) of the FLSA provides that "[e]very employer shall pay to each of his employees ... who in any work week is engaged in commerce or in the production of goods for commerce ... not less than the minimum wage rate...." 29

2

U.S.C. § 206(b). Although the FLSA specifies no time within which wages must be paid, liquidated damages may be available if the employer fails to pay wages or overtime on the regular payment date. See Atlantic Co. v. Broughton, 146 F.2d 480, 482 (5th Cir. 1945). And we will assume that a "regular payment date" may be so far distant from the pay period to which payment relates to state a violation of the FLSA minimum wage. But we are cited to no cases that have concluded that seven or eights days' payment in arrears -- the time between the end of the pay period and Airfreight's regular payment date -- is actionably unreasonable or untimely.[*] No requirement exists that wages be paid simultaneously with the end of the pay period. We see no support in the FLSA or in case law for Plaintiffs' conflation of the end of the pay period and the regular pay date.

The district court committed no error in granting summary judgment to Airfreight: Plaintiffs failed to show that Airfreight's practice of paying wages seven to eight days after the wages accrued violates the FLSA.

AFFIRMED.

---

[*]Olsen v. Superior Pontiac-GMC, Inc., 765 F.2d 1570 (11th Cir. 1985), cited by Plaintiffs, is not on point. Olsen addressed whether commissions paid to car salesmen could be carried forward. Olsen concluded that the carry-forward-payment sequence was allowable only if the employee actually received the minimum wage for each pay period.